**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MICHAEL J. BRUYETTE,** )<br>　　　**Plaintiff,** )<br>　　　　　　　　　　　　　　　　　)<br>**v.** )<br>　　　　　　　　　　　　　　　　　)<br>**GOVERNOR DEVAL PATRICK, ET AL.,** )<br>　　　**Defendants.** ) | **C.A. No. 13-12727-DJC** |

**MEMORANDUM AND ORDER**

**CASPER , J.**　　　　　　　　　　　　　　　　　　　　　　　　　　**December 16, 2013**

BACKGROUND

On October 2, 2013, plaintiff Michael J. Bruyette ("Bruyette"), a prisoner in custody at MCI Norfolk, filed a self-prepared complaint against: (1) Governor Deval Patrick; (2) Terrance Kennedy of the Governor's Council; (3) Christopher Iannella, of the Governor's Council; and (4) Josh Wall, the Chairman of the Massachusetts Parole Board. Bruyette seeks declaratory and injunctive relief, as well as monetary damages for violations of, *inter alia*, 42 U.S.C. § 1983 in connection with his parole revocation. He contends that he did not commit any parole violations and did not have a preliminary revocation hearing as required by law.

On October 29, 2013, this Court issued a Procedural Order (D. 3) directing Bruyette to pay the filing fee or file a Motion for Leave to Proceed *in forma pauperis* along with his certified prison account statement.

On November 19, 2013, Bruyette filed a Motion for Leave to Proceed *in forma pauperis* (D. 5). He also filed a Motion for Appointment of Counsel (D. 6) along with a Memorandum in support (D. 7).

DISCUSSION

I.　　The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Bruyette's financial disclosures and his prison account statement, his Motion for Leave to Proceed *in forma pauperis* (D. 5) will be ALLOWED. However, because Bruyette is

1

a prisoner, he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b).

In light of this, it is hereby Ordered that:

A.  Plaintiff is assessed an initial partial filing fee of $1.54, pursuant to 28 U.S.C. § 1915(b)(1)(B);[1]

B.  The remainder of the fee $ 348.46 is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).[2]

II.  Screening of the Complaint

Because Bruyette is a prisoner proceeding *in forma pauperis*, he is subject to the provisions of the Prison Litigation Reform Act. The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915 (proceedings *in forma pauperis*); 28 U.S.C. § 1915A (screening of prisoner suits against governmental officers and entities). Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B) (ii) and (iii). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Neitzke, 490 U.S. at 327-328; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Section 1915A authorizes the Court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees

---

[1] This initial assessment is based on the Inmate Transaction History Summary Report calculated by the Treasurer's Office at MCI Norfolk for the six-month period preceding the filing of the complaint. The initial assessment represents 20% of the six-month average balance.

[2] This assessment is made apart from any other assessments made in other civil actions filed by Bruyette. For purposes of clarification for crediting any funds received and to facilitate proper record-keeping by the Treasurer's Office at MCI Norfolk and by the Clerk's Office Accounting Department, this Court intends that any funds received from Bruyette's prison account first be applied to any prior Order of a Court assessing a filing fee pursuant to 28 U.S.C. § 1915.

of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

In connection with the preliminary screening, Bruyette's *pro se c*omplaint is construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

III. Dismissal of Claims Against Governor Patrick, Terrance Kenney, and Christopher Iannella

Bruyette's complaint fails to set forth any legal or factual bases for including Governor Patrick, Terrance Kenney, and Christopher Iannella as defendants. There are no allegations of any direct involvement in the parole revocation proceedings; indeed, there are no allegations at all.[3] To the extent that these defendants are named because of the request for declaratory and/or injunctive relief, this Court finds no basis to include them in this lawsuit, because any relief, if any is warranted, may be available from Chairman Josh Wall.

As an additional matter, to the extent that Bruyette has named these defendants based on a theory that they are liable for the actions of the Chairman and other members of the Massachusetts Parole Board, such claim is not plausible under 42 U.S.C. § 1983 because there is no *respondeat superior* liability for the actions of subordinates. Capozzi v. Department of Transp., 135 F. Supp. 2d 87, 98 (D. Mass. 2001) (citing Ruiz Rivera v. Riley, 209 F.3d 24 (1st Cir. 2000)). "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983. Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)). "In § 1983 cases, 'supervisors are not automatically liable for the misconduct of those under their command. A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or

---

[3]Although Bruyette has asserted a conspiracy among the defendants, this is a legal conclusion without any underlying factual support sufficient to state conspiracy claims pursuant to the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

tacit authorization.'" Id. (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)). See Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no *respondeat superior* liability under § 1983; liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights).

Finally, to the extent that these defendants are sued in their official capacities, monetary damages are not available because these defendants are entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution. It is well settled that a plaintiff cannot sue an official acting within the scope of his/her office for money damages. Will v. Michigan Department of State Police, 491 U.S. 58, 64-71 (1989). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Id. at 71.

Accordingly, this Court DISMISSES Bruyette's claims against Governor Patrick, Terrance Kenney, and Christopher Iannella. This dismissal is without prejudice to Bruyette seeking reconsideration within 30 days of the date of this Memorandum and Order upon the filing of a motion with good cause shown, including supporting authority for holding these defendants liable with respect to parole revocation matters.

IV.   Issuance of Summonses and Service by the United States Marshal Service

With respect to claims against Chairman Josh Wall, there appear to be legal impediments to Bruyette's claims at least insofar as they seek monetary damages and injunctive relief. Specifically, to the extent that Bruyette seeks monetary damages against Chairman Josh Wall in his official capacity, his claims are not cognizable because this defendant is immune from damages pursuant to Eleventh Amendment sovereign immunity. Will v. Michigan Department of State Police, 491 U.S. 58, 64-71 (1989) (It is well settled that a plaintiff cannot sue an official acting within the scope of his/her office for money damages).

Further, to the extent that Bruyette seeks monetary damages against Chairman Josh Wall in his individual capacity, it may likely be that his claims are not cognizable because no individual

liability for monetary damages attaches to members of the Massachusetts Parole Board. Under the law of this circuit, "parole board members are entitled to absolute immunity from liability for damages... for actions taken within the proper scope of their official duties." Johnson v. Rhode Island Parole Board Members, 815 F.2d 5, 8 (1st Cir. 1987) (*per curiam*). See Phillips v. Conrad, 2011 WL 309677, at *7 (D. Mass. 2011).

Finally, to the extent Bruyette seeks injunctive relief, it may likely be that this relief is not available because the Federal Courts Improvement Act of 1996 ("FCIA") amended § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Pub. L. No. 104-317, § 309(c), 110 Stat. 3853 (codified as amended at 42 U.S.C. § 1983). Courts previously have held that the Massachusetts Parole Board members are "judicial officers" within the meaning of this statute." Gilmore v. Bostic, 636 F. Supp. 2d 496, 506 (S.D. W.Va. 2009); Mattatall v. Rhode Island, 2009 WL 3514634 at * 4 (D.R.I. 2009).[4]

Notwithstanding the above, however, this Court will permit this action to proceed at this time and will require the defendant to respond to the complaint after service of process has been effected. Further, because Bruyette is proceeding *in forma pauperis*, this Court will order the United States Marshal Service to effect service of process as directed by Bruyette, and to advance the costs of service.

V.      The Motion for Appointment of Counsel

Under 28 U.S.C. § 1915, a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under § 1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and

---

[4]The FCIA does not bar declaratory relief.

[3] the capability of the indigent litigant to present the case." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (*per curiam*); see Bemis v. Kelley, 857 F.2d 14, 16 (1st Cir. 1988). Ultimately, to be eligible for this assistance under 28 U.S.C. § 1915, Bruyette "must demonstrate that [he is] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). This Court considers the total situation, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. Id.

At this juncture, this Court cannot find that exceptional circumstances exist that warrant the expenditure of scarce *pro bono* resources, where the merits of Bruyette's claims are unclear, particularly in light of the quasi-judicial immunity issues and the Federal Court Improvement Act that may bar much of the relief that Bruyette seeks. This Court makes no finding on the merits, but considers that the propriety of appointment of *pro bono* counsel cannot be gauged adequately until this Court has the benefit of a response from the defendant.

Accordingly, Bruyette's Motion for Appointment of Counsel (D. 6) will be DENIED without prejudice to renew after the defendant has filed a responsive pleading, upon a motion with good cause shown in light of the response.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (D. 5) is ALLOWED and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

2. All claims against Governor Patrick, Terrance Kenney, and Christopher Iannella are DISMISSED without prejudice to plaintiff seek reconsideration within 30 days of the date of this Memorandum and Order upon motion with good cause shown;

3. The Clerk shall issue summonses as to defendant Chairman Josh Wall;

4. The Clerk shall send the summonses, complaint, and this Memorandum and Order to the plaintiff, who must thereafter serve the defendant in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal Service shall serve the summonses, complaint, and this Memorandum and Order upon the defendant in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff

       shall have 120 days from the date of this Order to complete service; and

5.       Plaintiff's Motion for Appointment of Counsel (D. 6) is <u>DENIED</u> without prejudice.

       **So Ordered.**

                                        <u>/s/ Denise J. Casper</u>
                                        United States District Judge